MORSE, WILLIAMS & COMPANY, DEFENDANT IN CERTIO-
RARI, v. CHARLES A. BAAKE, BUILDER AND OWNER,
AND JOSEPH A. MYERS ET AL., MORTGAGEES, PLAINT-
IFFS IN CERTIORARI.

Submitted July 3, 1902—Decided November 10, 1902.

A final judgment of a Circuit Court, possibly regular, is reviewable
by writ of error only, although the record may be defective.

On *certiorari.*

Before Justices GARRISON and COLLINS.

For the plaintiffs in *certiorari, Charles A. Baake* and *John
J. Crandall.*

For the defendant in *certiorari, Thomas E. French.*

The opinion of the court was delivered by

COLLINS, J. The judgment brought up was one entered in
the Circuit Court of Atlantic county, upon the verdict of a
jury rendered in a trial had before Allen B. Endicott, judge
of the Court of Common Pleas of that county, holding the
Circuit Court. At the time of the allowance of the writ the
question of the constitutionality of the statute permitting, in
certain cases, the holding of a Circuit Court by the judge
of the Common Pleas was still unsettled, and doubtless the
ground of allowance was that, if such statute should be held
unconstitutional, any judgment resting on it would be alto-
gether a nullity, and therefore within the reach of the pre-
rogative writ of this court, notwithstanding the direction of
the constitution (article 6, section 5, paragraph 3) that review
of final judgments in the Circuit Court shall be by writ of
error. The question having been settled in favor of the valid-
ity of the statute, in the case of *Roofing Co.* v. *Leather Co.,*

38 *Vroom* 566, decided in our court of last resort, it logically follows that the writ now before us has no legal support.

It is argued that the record returned does not show the existence of the conditions authorizing the holding of the court as it was held, but the alleged defect concerns mere matter of procedure, as to which the record, if defective, is subject to amendment. It should, moreover, be borne in mind that the order under which the Common Pleas judge holds the Circuit Court is a general one, and not one made in a particular cause. *Pamph. L.* 1900, *p.* 357, §§ 37, 38. As it is possible that the judgment recovered was regular, we are of opinion that it can be subjected to review in no other way than by writ of error.

The writ of *certiorari* will be dismissed, but without costs.